IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHLOE FRATESI                                                                               PLAINTIFF

V.                                           CASE NO.  4:09CV00225

CIRCUS CIRCUS MISSISSIPPI, INC.,
d/b/a GOLD STRIKE CASINO RESORT                                              DEFENDANT

## ORDER

Pending is the motion of Defendant, Circus Circus Mississippi, Inc. d/b/a Gold Strike Casino Resort ("Gold Strike") for summary judgment.  (Docket # 65). Plaintiff has responded and Gold Strike has filed a reply.  For the reasons set forth herein, the motion is DENIED.

### Facts

On July 18, 2008, Plaintiff, Chloe Fratesi claims that she slipped in a pool of water at the Gold Strike Hotel.  Plaintiff alleges that as a result of the slip, she sustained serious injuries to her knees and back.  It is undisputed that Plaintiff was an invitee of Gold Strike on the date of the slip,  the slip occurred at approximately 10:00 a.m. and Plaintiff did not see water on the floor prior to her slip.  Plaintiff was accompanied at the time by her husband, Benny Fratesi.  It is also undisputed that Mary McAdams, a patron at Gold Strike, fell just prior to Ms. Fratesi's slip.  However, Ms. McAdam's fall was not because of the presence of water.

Defendant contends that summary judgment is proper at this time.  Defendant argues that Plaintiff cannot establish a prima facie case of negligence because she cannot show that 1) a Gold Strike employee placed water on the lobby floor; 2) Gold Strike actually knew that water was on the lobby floor at the time of her slip; or 3) Gold Strike should have known that water was on the floor (or had constructive knowledge).

Plaintiff contends that genuine issues of material fact preclude the entry of summary

judgment.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The facts as alleged by Plaintiff are as follows: On July 18, 2008, Plaintiff entered the Gold Strike Casino lobby and walked toward the reception desk to register.  Plaintiff slipped in a pool of water near a table that held a fresh flower arrangement sitting in a vase of water.  Plaintiff contends that the water was placed on the floor as a result of Gold Strike employees' inattentive actions in watering the flowers or was on the floor for a sufficient period of time as to give Gold Strike constructive knowledge of the water.  Plaintiff states that the water in which she slipped was so substantial that it splashed on to her leg and caused her shoe to become soaked.  Mr. Fratesi testified that following the slip, he observed the water all around the table on which the flowers were located and it appeared to have been tracked through by people walking and pulling luggage.  Plaintiff claims that following the slip, Gold Strike employees cleaned the entire area around the table.

During discovery, Plaintiff was provided a video surveillance tape which shows the area where the slip occurred for a period of one hour prior to and one hour after the slip.  The videos which show the area more than one hour prior to the slip were not retained by Gold Strike.  The Risk Manager of Gold Strike testified that the retention of the surveillance tape during the one hour time period surrounding the slip and the subsequent recycling of the tapes from the remainder of the day was routine and in compliance with Gold Strike's retention policies. Plaintiff asks the Court to apply the doctrine of spoilation based on the destruction of these tapes.

The Court finds no evidence to suggest that the destruction of the tapes was in bad faith or with fraudulent intent, nor is there any evidence to suggest that Gold Strike's retention policy was instituted in bad faith. Accordingly, the Court will not apply an adverse inference as requested by Plaintiff. *See Stevenson v. Union Pacific R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004).

Defendant argues that Mississippi substantive law should apply. Plaintiff does not concede this issue, but utilizes Mississippi law in responding to the pending motion arguing that the law in Arkansas and Mississippi on the issues involved in this case are substantially similar. The Court agrees. The Court does not need to conduct a choice-of-law analysis regarding this claim as there is no conflict between the law on the pertinent issues herein. *See, Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885 (8th Cir. 2009). In both Arkansas and Mississippi, a property owner has a duty to exercise ordinary care to maintain its premises in a reasonably safe condition for the benefit of an invitee. *Elston v. Circus Circus Mississippi, Inc.*, 908 So.2d 771 (Miss.App., 2005), *Hendrix v. Stobaugh*, 2009 Ark. App. 657, ___ S.W.3d ____, (Ark. App. 2009). Generally, to prevail in a slip-and-fall case, a plaintiff must show either (1) that the presence of a foreign substance on the premises was the result of the owner's negligence or (2) that the foreign substance had been on the premises for such a length of time that the owner knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Id.* However, the mere fact that a slip occurs does not give rise to an inference of negligence. *Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56 (1994), *Huguley v. Imperial Palace of Mississippi, Inc.*, 930 S.2d 1278 (Miss.App., 2006).

Plaintiff has presented evidence which creates a genuine issue of material fact as to whether Gold Strike placed the water on the floor or whether the water was on the floor for a

sufficient length of time that Gold Strike knew or reasonably should have known of its presence and failed to use ordinary care to remove it. Mr. Fratesi testified that immediately following the slip he observed the water on the floor and it appeared to have been walked through and tracked by people walking and pulling luggage. Further, although the video surveillance tape shows Gold Strike employees walking through the area prior to the fall, the tape does not demonstrate that the employees were actually inspecting the area where the slip occurred. A finder of fact could determine that the employees performed their duty to inspect negligently. The tape also demonstrates Gold Strike employees cleaning a large area surrounding the table following the slip, further supporting Mr. Fratesi's testimony that the water had been tracked through prior to Ms. Fratesi's slip. Mr. Fratesi also testified that the water appeared to have come from the table with the flowers. Although the flowers were maintained by an outside floral service, one Gold Strike employee testified that he had seen different people water the flowers in the past and another Gold Strike employee testified that he had seen other Gold Strike employees water the flowers in the past. Considering these facts in the light most favorable to the Plaintiff, as the Court must do at this stage, the Court finds genuine issues of material fact preclude the entry of summary judgment.

Wherefore, Defendant's motion, docket # 65, is DENIED.

IT IS SO ORDERED this 18th day of January, 2011.

James M. Moody
United States District Judge