IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHLOE FRATESI                                                          PLAINTIFF


V.                                        CASE NO.  4:09CV00225

CIRCUS CIRCUS MISSISSIPPI, INC.,
d/b/a GOLD STRIKE CASINO RESORT                              DEFENDANT


**ORDER**

Pending is Defendant's renewed motion for judgment as a matter of law.  (Docket # 122).

Plaintiff has filed a response and Defendant has filed a reply.  For the reasons set forth herein,

Defendant's motion is DENIED.

Plaintiff, an Arkansas resident filed this personal injury action against Circus Circus

Mississippi, Inc., d/b/a Gold Strike Casino Resort, ("the Casino") alleging that she was injured

on July 18, 2008, when she fell at the Casino.  The Casino, a corporation organized under the

laws of the State of Mississippi with its principal place of business in the State of Mississippi,

filed a motion to dismiss arguing that the Court lacked personal jurisdiction.  Plaintiff responded

to the Defendant's motion seeking additional time to conduct discovery.  Following jurisdictional

discovery, the parties submitted additional briefs and exhibits on the issue of jurisdiction. On

March 17, 2010, the Court entered a Order denying Defendant's motion.

The case was tried to a jury February 14 - 18, 2011.  Following the completion of the

Plaintiff's case, the Defendant moved for a judgment as a matter of law on the issues of actual

and constructive notice as they pertained to the Plaintiff's negligence claim, punitive damages

and in personam jurisdiction.  Defendant's motion was granted as to actual notice and punitive

damages. Defendant renewed its motion for judgment as a matter of law at the close of all of the

evidence.  The motion was denied.  Plaintiff's claim was submitted to the jury, however, the jury

was discharged on February 18, 2011 after it reached an impasse on the issue of negligence.

Defendant now renews its motion for judgment as a matter of law on the issues of constructive

notice and in personam jurisdiction.

In considering a motion or renewed motion for judgment as a matter of law filed under

Rule 50, the court must "decide the record contains evidence sufficient to support the jury's

verdict." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 863 (8th Cir.2004). The

court " 'must examine the sufficiency of the evidence in the light most favorable to [the

prevailing parties] and view all inferences in [their] favor.' " *Id. (quoting Racicky v. Farmland

Indus., Inc.*, 328 F.3d 389, 393 (8th Cir.2003)). "Judgment as a matter of law is appropriate only

when all of the evidence points one way and is susceptible of no reasonable inference sustaining

[the prevailing party's] position." *Id.*  In light of the jury's inability to reach a verdict, the Court

has two options: order a new trial or direct entry of judgment as a matter of law. Fed.R.Civ.P.

50(b)(2). Judgment as a matter of law may be entered if "a party has been fully heard on an issue

and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on

that issue...." Fed.R.Civ.P. 50(a)(1). "In making this determination, the court must draw all

reasonable inferences in favor of the nonmoving party without making credibility assessments or

weighing the evidence." *Phillips v. Collings*, 256 F.3d 843, 847 (8th Cir.2001).

As to the issue of constructive notice, the Court finds that sufficient evidence was

presented from which a jury could have found in favor of Plaintiff.  Plaintiff presented evidence

that the water which caused her fall was on the floor for a sufficient time for others to walk

through it, pull luggage through it and spread the water around.   "Constructive knowledge is

present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." *Drennan v. Kroger Co.*, 672 So.2d 1168, 1170 (Miss, 1996). Based upon the testimony of Mr. Fratesi describing the condition of the floor and the characteristics of the water immediately after the fall, including its proximity to the bell desk and in the path of the bellman, the Court cannot state that no reasonable jury could find for the Plaintiff on the issue of constructive notice.

As to the issue of in personam jurisdiction, the Court allowed the parties to conduct discovery relating to jurisdiction and received supplemental briefs and exhibits following the completion of that discovery. Further, no pretrial hearing was requested by either party. The Court reviewed substantial evidence in reaching its determination that jurisdiction is proper in Arkansas. Although Defendant is correct that Plaintiff was only required to establish a prima facie showing that personal jurisdiction was proper in order to defeat Defendant's motion to dismiss, the Plaintiff, in fact, presented much more than a mere prima facie case. In light of the substantial evidence already presented on the issue, and since a mistrial has been declared, the Court will allow the parties to present evidence and argument on the issue of personal jurisdiction at the hearing scheduled December 14, 2011. The Plaintiff will be required to establish jurisdiction by a preponderance of the evidence.

Accordingly, the Defendant's motion for judgment as a matter of law is DENIED.

IT IS SO ORDERED this 28th day of November, 2011.

James M. Moody
United States District Judge

3