**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHLOE FRATESI**                                                                          **PLAINTIFF**


**V.**                                    **CASE NO.  4:09CV00225**

**CIRCUS CIRCUS MISSISSIPPI, INC.,**
**d/b/a GOLD STRIKE CASINO RESORT**                                    **DEFENDANT**


<u>**ORDER**</u>

　　　　Plaintiff, an Arkansas resident filed this personal injury action against Circus Circus Mississippi, Inc., d/b/a Gold Strike Casino Resort, ("the Casino") alleging that she was injured on July 18, 2008, when she fell at the Casino. The Casino, a corporation organized under the laws of the State of Mississippi with its principal place of business in the State of Mississippi, filed a motion to dismiss arguing that the Court lacked personal jurisdiction. Plaintiff responded to the Defendant's motion seeking additional time to conduct discovery. Following jurisdictional discovery, the parties submitted additional briefs and exhibits on the issue of jurisdiction. On March 17, 2010, the Court entered a Order denying Defendant's motion. (Docket # 39).

　　　　The case was tried to a jury February 14 - 18, 2011.  The jury was unable to reach a decision on the issue of negligence and a mistrial was declared.   Following trial, the Defendant renewed  its motion for judgment as a matter of law on the issues of constructive notice and in personam jurisdiction.  The Court entered an order on November 28, 2011 denying the motion on the issue of constructive notice, finding that sufficient evidence was presented from which the jury could have found in favor of Plaintiff.   On the issue of personal jurisdiction, the Court noted that although the Plaintiff was only required to make a prima facie showing that personal jurisdiction was proper in order to defeat Defendant's motion to dismiss, the Plaintiff, in fact, presented much

more than a mere prima facie case.  In light of the substantial evidence already presented on the issue, and since a mistrial had been declared, the Court allowed the parties to present evidence and argument on the issue of personal jurisdiction at a hearing scheduled on December 14, 2011.

Following receipt of evidence and argument of counsel, for the reasons stated on the record and set forth in the Court's Order dated March 17, 2010, docket # 39, the Court finds that the Plaintiff has established by a preponderance of the evidence that the Casino is subject to personal jurisdiction in this Court.

IT IS SO ORDERED this 1st day of February, 2012.

James M. Moody
United States District Judge